UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES BEDREE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:10-CV-405 |
| | ) |
| STANLEY A. LEVINE, LINDA | ) |
| PETERS CHZRAN, NAOMI MERTENS, | ) |
| MITCHELL BEDREE, and GEORGE | ) |
| BEDREE, | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

James Bedree, a *pro se* plaintiff, has filed a "Complaint for Embezzlement" [DE 1] along with a Motion for Leave to Proceed *In Forma Pauperis* [DE 2]. As explained below, however, Bedree's Complaint gives no indication that it states any cognizable claim upon which relief could be granted. Thus, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Bedree's Motion is denied and his Complaint is dismissed.

## BACKGROUND

Bedree filed his Complaint with this court on November 18, 2010 and named the following individuals as Defendants: Linda Peteres Chzran, a personal representative of the estate of Bedree's deceased sister, Emily Bedree; Judge Stanley A. Levine, a probate judge of the Allen Superior Court of Indiana, who rendered a decision regarding the estate of Emily Bedree; Naomi Mertens, who appears to have been paid some amount by the estate; and Mitchell and George Bedree, both of whom appear to be related to Plaintiff. Bedree's generally unintelligible Complaint seems to allege that each of these Defendants embezzled, in one way or

1

another, assets from Emily Bedree's estate.

On November 23, 2010, I ordered Bedree to show cause as to the basis for subject-matter jurisdiction in this case. Bedree filed his response on December 3, 2010, which indicated that the Court had jurisdiction because "State Actors perpetrated fraudulent manipulation in administration, of Emily Bedree's Estate, taking the Assets of the Estate for personal monetary gains, barring 'DUE PROCESS' in doing, violating Federal Law, Constitutional Amendments 1, 5, 14, that provides 'EQUAL' Protection, of Laws to Citizens as well." [DE 5 at 1.] The only state actor identified in Bedree's Complaint is Judge Levine.

## DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed *in forma pauperis*, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor." 28 U.S.C. § 1915(a). Here, Bedree's filings reflect that he is presently unemployed and his only regular source of income is $615.00 per month

from social security payments. He reports that he has approximately $136.00 cash on hand. Bedree has sufficiently established that he is unable to prepay the filing fee.

The inquiry does not end there, however. The Court must also determine whether the complaint states a claim for relief. District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and courts must dismiss a complaint if it fails to state a claim. Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). To survive a motion to dismiss under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. ___, ___; 129 S. Ct. 1937, 1949 (2009).

Here, Bedree's allegations do not state a plausible claim for relief. For his claim against Judge Levine, it appears that Bedree is seeking review of a probate decision. As a general matter, this Court has no subject-matter jurisdiction over probate disputes. *Marshall v. Marshall*, 547 U.S. 293, 308 (2006). Neither does this Court have jurisdiction to review or reverse the orders issued in a state court case. *See Lewis v. Anderson*, 308 F.3d 768, 771-72 (7th Cir. 2002) (observing that under the Rooker-Feldman doctrine "lower federal courts do not have jurisdiction to conduct direct review of state court decisions"). Furthermore, Bedree cannot sue a state court judge for his probate decision because the judge is entitled to absolute immunity for judicial acts performed in matters within his jurisdiction. *See Dawson v. Newman*, 419 F.3d 656,

660 (7th Cir. 2005). If a state judge errs, "a party's remedy is through appellate process," not through a suit against the judge. *Id.* at 661. Accordingly, Bedree has stated no actionable claim for relief against Judge Levine.

To the extent Bedree has "embezzlement" claims against the remaining Defendants, this Court has no jurisdiction over these claims. Bedree has not alleged that diversity jurisdiction exists and, with the federal claim against Judge Levine extinguished, this Court is without subject-matter jurisdiction over these supplemental claims. *See, e.g.*, *Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir. 2008) ("When the federal claim in a case drops out before trial, the presumption is that the district judge will relinquish jurisdiction over any supplemental claim to the state courts."). Bedree is free to file these state claims in state court, of course, but they will not proceed here.

## CONCLUSION

For the foregoing reasons, Bedree's Motion for Leave to Proceed *In Forma Pauperis* [DE 2] is **DENIED**, and his Complaint [DE 1] is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED.**

Entered: December 8, 2010.

                                                 s/ Philip P. Simon
                                                PHILIP P. SIMON, CHIEF JUDGE
                                                UNITED STATES DISTRICT COURT